UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE RIVERA, JR.,

     Petitioner,

v.

WARDEN, KERN VALLEY STATE PRISON,

     Respondent.[1]

No.  1:25-cv-00900 JLT SKO

ORDER ADOPTING FINDINGS AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS
(Doc. 20)

CLERK OF COURT DIRECTED TO ENTER JUDGMENT AND CLOSE CASE

     Jorge Rivera, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On December 10, 2025, the assigned Magistrate Judge issued findings and recommendation to deny the petition on its merits. (Doc. 20). The Court served the findings and recommendation on all parties and notified them that any objections were due within 21 days. (*Id.* at 16). The Court advised that the "failure to file objections within the specified time may

---

[1] A California Incarcerated Records & Information Search (CIRIS) shows that petitioner is incarcerated at Kern Valley State Prison in the care and custody of Warden Patwin Horn. *See* https://ciris.mt.cdcr.ca.gov/ (last visited January 22, 2026).

1

result in the waiver of rights on appeal." (*Id*. citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)).[2] No party has filed objections and the time to do so has passed. (*See* docket).

The Magistrate Judge correctly found the state court's rejection of petitioner's underlying trial incompetence claim was neither contrary to or an unreasonable application of clearly established federal law; nor based upon an unreasonable determination of the facts in light of the substantial evidence presented at the competency proceeding. For example, petitioner's reliance on the opinion of trial incompetence rendered by his trial expert Dr. Stacy McLain, unrebutted by any other expert, as a basis for error is unpersuasive. The state record includes substantial evidence supporting petitioner's presumed trial competence, for the reasons discussed by the Magistrate Judge. (*See* Doc. 20 at 13-16); *see also Deere v. Cullen,* 718 F.3d 1124, 1145 (9th Cir. 2013) (state court's finding of competence presumed to be correct if fairly supported by the record, petitioner must come forward with clear and convincing evidence to rebut the presumption); *Marks v. Davis,* 106 F.4th 941, 973 (9th Cir. 2024) ("Although reasonable judges, reviewing the claim de novo, might well reach a different conclusion than the state court, we conclude that there was a reasonable basis for the state court's rejection of Marks's competency claim."); *People v. Mendoza,* 62 Cal. 4th 856, 884 (2016) ("When a competency hearing has already been held and the defendant has been found competent to stand trial . . . a trial court need not suspend proceedings to conduct a second competency hearing unless it 'is presented with a substantial change of circumstances or with new evidence' casting a serious doubt on the validity of that finding."); *cf. Watts v. Yates*, 387 F. App'x 772, 777 (9th Cir. 2010) (an expert report opining trial competence that was called into question by new evidence, was not alone substantial evidence of competence).

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings and recommendation are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner

---

[2] Reference to pagination is to CM/ECF system pagination.

seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to

proceed further. Thus, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1.    The findings and recommendation issued on December 10, 2025, (Doc. 20), are **ADOPTED** in full.

2.    The petition for writ of habeas corpus is **DENIED** with prejudice.

3.    The Clerk of Court is directed to enter judgment and close the case.

4.    The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:    **January 22, 2026**

UNITED STATES DISTRICT JUDGE

4